**In re ASBESTOS II Consolidated Pretrial.**

**No. 86 C 1739.**

United States District Court,
N.D. Illinois, E.D.

May 10, 1991.

## ORDER TO ESTABLISH ASBESTOS DEFERRED REGISTRY

KOCORAS, District Judge.

### A. BACKGROUND

As a result of a motion filed on behalf of a number of plaintiffs and joined in by a number of defendants to transfer certain types of asbestos cases from the active calendar to inactive or deferred status, the Court has received the submissions of various parties, held conferences and hearings, and has considered the arguments on the subject. Additionally, the court has reviewed an order entered by Judge Dean M. Trafelet of the Circuit Court of Cook County establishing a registry for these types of cases. The Court is also informed of the substantial effort engaged in by Judge Trafelet and by lawyers for both plaintiffs and defendants in an effort to reach agreement to the extent possible, an effort which was highly productive and which narrowed differences greatly. Counsel appearing before this Court have been much influenced by the result of Judge Trafelet's actions and order, as has been this Court.

As stated above, counsel for certain plaintiffs, with the concurrence of counsel for certain defendants, have moved for the creation of a "deferred" or "inactive" docket for certain cases involving exposure to asbestos. The cases sought to be placed in this deferred status are the least serious in the pantheon of asbestos related injuries and are sometimes referred to generically as "pleural thickening" cases.

In order to avoid claims being barred by statutes of limitation or similar statutes of repose, plaintiffs have filed a number of actions in which, by virtue of claimed exposure to asbestos, they have been diagnosed with pleural thickening or pleural plaques, or some similar non-serious condition. Although there are physiologic changes in these plaintiffs, there is apparently no present clinical impairment and, hence, no real injury. In order to protect their claims, however, these plaintiffs and their counsel have filed lawsuits as a result of these relatively non-serious medical diagnoses.

The moving plaintiffs and concurring defendants believe that these cases do not presently justify the expense of the full panoply of litigation, including motions, discovery and trial. The plaintiffs are not interested in presently pressing their claims (recovery in these types of cases is either small or non-existent), and the concurring defendants are not interested in forcing these plaintiffs to adjudicate their claims in the normal course of events. Because diseases resulting from exposure to asbestos have varying latency periods, the plaintiffs wish to restore their cases to the active docket as their conditions worsen, based on criteria to be set by the Court.

### B. FINDINGS AND CONCLUSIONS

After carefully considering all of the information presented to the Court, it is clear that it is appropriate and desirable to create an Asbestos Deferred Registry, which is done by virtue of this order. The creation of the Asbestos Deferred Registry is an endeavor which will result in more serious asbestos cases being considered by the Court ahead of less serious cases. The Court also believes that substantial economic benefits will inure in the long run to classes of plaintiffs and to groups of defendants. In addition, the benefits to the judiciary are manifest. Scarce resources will be devoted to the most serious cases and case calendar control and supervision will be enhanced.

The Asbestos Deferred Registry is hereby established as a repository for certain claims for asbestos-related personal injuries that are deferred until such time, if ever, that such persons develop evidence of impairment consistent with the terms and conditions set out below. The registration of a claim in the Asbestos Deferred Registry shall not be deemed a case or controversy, because the registrant does not seek monetary damages or other judicial relief. Accordingly, no filing fee or other costs attendant to the filing of a lawsuit shall be assessed at the time claims are registered in the Asbestos Deferred Registry.

The registration of a claim in the Asbestos Deferred Registry and notice as required herein to such persons or entities who may be subject to suit at a later date shall constitute public notice sufficient to satisfy commencement requirements for purposes of statutes of limitations, statutes of repose and similar statutes. The Asbestos Deferred Registry shall be administered by the Clerk of Court and the Judges of this Court as herein provided or as later ordered.

## C. TERMS AND PROVISIONS

1. The following provisions establish a registry, to be formally known as the Asbestos Deferred Registry ("Registry") for all asbestos personal injury claims registered or to be registered in the United States District Court for the Northern District of Illinois, Eastern Division. These provisions establish the procedures and criteria by which claims are placed on and removed from the Registry.

   a. The terms "impaired," "impairment," and "asbestos-related" are used solely as a means of separating claims and ordering them for disposition. The use of these terms in the context of this order, whether by plaintiffs, defendants or the courts, shall not be deemed to be a finding or admission that any physical conditions or changes are or are not asbestos related in a legal or factual sense, and shall not constitute a basis for a finding of liability against any person.

   b. Similarly, the use and adoption by the Court of any standard measurement for testing or the reporting of test results shall not be deemed a final and conclusive adoption or endorsement of that particular standard by the courts or any counsel or the rejection of any competing or alternative standard but reflects only the selection of a reasonable and consistent system to help ensure that uniform standards are maintained.

   c. Whenever the provisions of this order require that the plaintiff or claimant's counsel make service of specified material, service shall be accomplished in the following manner: plaintiffs' counsel shall file the original of the material with the Clerk of Court and shall include with such filing a certificate of service which shows the names, addresses and dates of service upon all other persons. Simultaneously with the filing, plaintiffs' counsel shall serve a complete and legible copy of the material being filed upon defendants by first class mail.

2. All claims registered by persons who claim a history of asbestos exposure, and who can demonstrate an objective asbestos-related physical finding (such as pleural plaques), but who do not meet the minimum criteria for impairment herein defined, or who have not manifested a cancer certified as asbestos-related as described below, shall be placed upon the Registry, and shall remain on the Registry until and unless removed in accordance with these procedures.

   a. Upon motion of a claimant and notice to all defendants, the Court may, in special circumstances and for good cause shown, permit a claimant who meets the criteria for exiting the Registry to remain on the Registry.

## PRESENT CLAIMS

3. For purposes of this order, "present claims" shall be defined as those pending in a complaint filed as of the date of this

order. Future claims shall be all those claims filed after the date of this order.

4. Within 20 days of the entry of this order, each defendant who is presently a party in any present claim shall, using the caption Asbestos Deferred Registry, file with the Clerk of Court and serve upon all defense counsel and plaintiffs counsel with whom they have present claims the name, address and title of the person who is to be served with documents and filings made in accordance with this order.

5. Within 90 days from the date of this order, plaintiffs counsel for present claims shall file with the Clerk of Court and serve upon defense counsel a list of all present claims which do not meet the criteria for removal from the Registry set out in this order. These claims, in other words, are the claims which shall now be part of the Asbestos Deferred Registry. The list of present claims to be included in the Registry shall be in the following form:

    a. A schedule of all such claims, alphabetically by last name, first name, date of filing, docket number, a list of defendants named and served, exposure period, and asbestos-related condition alleged to exist; and

    b. A claimant Registry Information form, in the format attached hereto as Exhibit A.

All pending cases in which an asbestos-related cancer or mesothelioma is alleged, or which would otherwise qualify for removal from the Registry under this order, shall remain on the active docket of this Court. All other cases in which the present claims would be insufficient for removal from the Registry and which will now be placed in the Registry shall be dismissed without prejudice with leave to reinstate when the criteria for removal from the Registry are satisfied.

6. Within 30 days of plaintiffs' counsel's submissions of the list of present claims to be placed on the Registry, any defense counsel objecting to the inclusion or non-inclusion of any claims on the list for the Asbestos Deferred Registry shall set forth those objections in writing to be filed with the Court and with service on plaintiff's counsel. The Court shall decide the disputed issues with or without a hearing, as appropriate.

7. All present claims included in the Registry shall be considered inactive claims. Applicable statutes of limitation, statutes of repose and similar statutes shall be tolled as to existing claims and existing defendants upon inclusion in the Registry.

## FUTURE CLAIMS

8. Each claimant or plaintiffs' attorney filing a future claim shall, in the first instance, file an Asbestos Personal Injury Information Sheet as in Exhibit B. Those cases which allege an asbestos-related cancer or mesothelioma certified by a qualified expert may proceed with filing a complaint on the active docket and obtaining service of process on all defendants named. For all other non-malignant claims, service will be made in accordance with paragraph 1.c upon the designated service persons listed in paragraph 4 above for each entity who would be named as a defendant in the event a lawsuit were filed ("notice of claim defendants"). No filing fee shall be assessed or paid with respect to the filing of a Claimant Registry form, but the standard filing fee shall be paid in the event the claim is removed from the Registry and placed on the active docket in accordance with the provisions of paragraph 10. All future claims in which an asbestos-related cancer or mesothelioma are alleged may be filed directly on the active asbestos docket, and the standard filing fee will be paid at that time.

9. The filing of an Asbestos Personal Injury Information Sheet and Claimant Registry Form and proper service upon the Clerk of the Court and Defendants' Counsel shall constitute placement on the Registry, and shall toll all applicable statutes of limitations, statutes of repose and similar statutes, as of the date of filing and service, regarding any claim of the claimant, claimant's spouse, children, dependents and their estates arising from the alleged asbestos-related condition(s) alleged in the

Registry form, but only with respect to the notice of claim defendants.

10. If any claimant contends that their case is one which is immediately subject to removal from the Registry, then claimant's counsel shall file, along with the Claimant Registry Form, a Request for Removal and Leave to File a Complaint, in the form attached hereto as Exhibit D, with supporting documentation, and shall file the original of Exhibit D with the Clerk of Court. Service upon all notice of claim defendants shall be made in accordance with paragraph 1.c. Any objecting defendants shall, within 30 days of receipt of Exhibit D, file a document not exceeding two pages for each plaintiff stating defendants' position concerning only the issues of whether the claimant meets the criteria established by this order for removal from the Registry. The Court shall promptly decide any conflict on the papers thus submitted, without a hearing, and shall enter an order determining the issue. The Court may, however, at its discretion and with or without a request from the parties, require a hearing. If the Court decides the issue in favor of the claimant, the case will be removed from the Registry and plaintiffs' counsel may file a complaint and pursue service of process as in any other case. The previous date of tolling established in paragraph 9 above will control issues concerning the statute of limitations and related statutes as to notice of claim defendants and disease processes alleged in the Claimant Registry form and accompanying documents. Nothing in this section or in this Registry order is intended to or shall be construed against any defendant as a waiver of the requirements for valid service of process, including personal service.

*Criteria for Removal From the Registry*

11. Claims may be removed from the Registry in only the following ways:

    a. A claimant may be voluntarily removed from the Registry upon the filing of a certificate by the claimant's attorney which states that the claimant is withdrawing his/her claims, and understands that all tolling of limitations will cease upon the filing of the certificate. The claimant's counsel shall file the original of such document with the Clerk of Court and shall make service upon other parties in accordance with paragraph 1.c.

    b. A claimant may file a Request for Removal in the form attached as Exhibit D along with the accompanying documents and the required certifications required by Exhibit D. The original of such Request and documentation will be filed with the Clerk of Court and be served upon other parties in accordance with paragraph 1.c.

(1) The minimum criteria for exiting the Asbestos Registry pursuant to Paragraph 11(b) are as follows: (a)(1) A chest x-ray with an ILO rating of 1/0 or greater, as read by a certified B–Reader; *and*

(2) A pulmonary function test performed under the supervision of and interpreted by a board-certified pulmonologist which demonstrates either:

(i) Total Lung Capacity below 80%

*or*

(ii) A diffusing capacity for oxygen of less than 70% of normal *and* an FEV–1/FVC ratio of 75% of predicted or greater.

*or*

(b) A chest x-ray with an ILO rating of 1/1 or greater as read by a certified B–reader *and* a pulmonary function test performed under the supervision of and interpreted by a board-certified pulmonologist which demonstrates a Diffusing Capacity below 80%.

*or*

(c) Upon exceptional circumstances and for good cause shown and upon notice to all parties, a party may by petition to the Court demonstrate actual impairment equal to or greater than that set forth in (1) and (2) above. Examples of the type of such evidence contemplated hereunder would include:

(1) Evidence of asbestosis determined pathologically, or

(2) Evidence that impairment due to interstitial fibrosis or pleural encasement is so severe that pulmonary function testing cannot be completed.

(2) The original request for removal with the accompanying mandatory documentation described above will be filed with the Clerk of Court, and service upon other parties shall be made in accordance with paragraph 1.c. Within 30 days of the Claimant's filing, any objecting defendant shall submit in a document not exceeding two pages, a statement of its position concerning whether the claim meets the minimum requirements for removal. The original of such response shall be filed with the Clerk of Court, and copies served upon all counsel by first class mail.

(a) If the parties agree to removal, the Clerk will note the claim removed from the Registry, and the claimant's counsel may proceed with filing a complaint and service of process.

(b) If the parties do not agree, The Court will determine the issue promptly upon the papers without a hearing, and will issue an appropriate order. The Court may, however, at its discretion and with or without a request from the parties, require a hearing.

(c) When an order is entered permitting the removal of a future claim from the Registry, the claimant shall file a complaint, the Clerk shall assign to the complaint a civil docket number, and the complaint shall be placed on the active asbestos docket. As to present claims, plaintiff may serve those defendants who had appeared in the original action by service in accordance with paragraph 1(c) of this Order. In all other circumstances, service of process shall be effected in accordance with the provisions of law.

(d) In any present claim case, any fees previously paid shall be deemed to apply to the new complaint filed by plaintiff upon exit from the Registry.

*Miscellaneous Provisions*

12. The fact that a claimant satisfies the exit criteria for non-malignant lung disease shall not be construed as an admission that he has asbestosis, nor shall the exit criteria be cited, referred to or otherwise used at trial of any case as diagnostic criteria for the determination of whether a plaintiff in fact has asbestosis. Rather, such criteria are established only for the purpose of determining when a claimant may activate a Registry claim into an action.

13. Acting pursuant to this order of Court, placing a claim on the Registry is not to be considered as an admission of liability by any of the potential defendants, nor an admission by any claimant that he or she is not suffering any injury or disability from their asbestos related condition. The existence of the Registry, and the fact that the claim was placed on the Registry, shall not be admissible in any subsequent case, except for the limited purpose of a judge determining whether the provisions of the Registry order were complied with in that particular case.

14. All claims filed in or transferred to the Asbestos Deferred Registry shall bear the caption "In re: Asbestos Deferred Registry," as well as the name of the claimant and all entities which would be named as a defendant in the event a lawsuit is filed ("notice defendants"). All claims on the Registry shall bear a Registry number assigned by the Clerk of Court. The Clerk of Court will enter on the Court's computer the claimant's name, current address and date of placement on the Registry.

15. Any defendant not named on a claimant's Registry Form (Exhibit C) shall not be named or served as a defendant in the event the claim is placed on the active docket. However, nothing in this order shall limit the rights of defendants to name additional parties as third-party defendants, in the event a claim is placed on the active docket.

16. Claims in the Registry are exempt from discovery provisions. When a claim is placed on the active docket, it shall receive a new civil docket number.

17. All filings shall be on an individual basis. No claims on behalf of a group or class of claimants shall be permitted.

18. For all future claims, a filing fee shall be assessed by the Clerk and paid at the time a claim is placed on the active docket. For all present claims, no additional fees will be assessed for a claim already on the active docket which is transferred to the Registry, of for a claim when it is transferred from the Registry to the active docket.

19. With regard to future claims or any present case in which a defendant has not been properly served, this Order shall not effect or modify the rules regarding service for process necessary in the event such a claim is removed from the Registry and a complaint is filed on the active docket. Proper personal service of all defendants named in such a complaint is required.

20. Failure to give notice to any claim defendant of placement of a claim on the Registry shall not toll the statute of limitations as to that defendant. A notice of claim defendant who has received notice of placement of a claim on the Registry but does not receive notice of a Request for removal from the Registry may assert any objections it may have had to removal from the Registry after the complaint has been filed and served.

21. The filing by any defendant of any papers in connection with objections to a request by a claimant to come off the Registry, or the appearance by any defendant at a hearing ordered by the court in connection with such a request shall not be deemed an "appearance" submitting to jurisdiction in the event the claim is placed on the active docket and a lawsuit is commenced.

22. Any amendments to this Order shall be prospective only unless otherwise stated.

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ASBESTOS DEFERRED REGISTRY**

IN RE:                              )       Case No. _____
                                    )
ASBESTOS DEFERRED REGISTRY          )       Registry No. _____

**Claimant Registry Information Form—Pending Claim**

1. Registrant's Name: _____
2. Former case number _____; Filed: _____
3. Registrant's Current Address: _____
4. Defendants named and served in original lawsuit: _____

_____
_____
_____

5. Registrant's Date of Birth: _____
6. Registrant's Date of Birth: _____
7. Registrant's Statement of Exposure: Plaintiff was occupationally exposed to asbestos-containing materials during the years _____ to _____ in the course of his employment as a _____ during which years he worked as a _____ member of Local # _____ of the _____
(trade or occupation)                                          (Union)

8. Plaintiff's most recent chest x-ray dated _____ reveals:
   a. Pleural plaques     YES ( )     NO ( )
      Pleural thickening    YES ( )     NO ( )
   b. Parenchymal abnormalities     YES ( )     NO ( )
   c. If profusion 1/0 or greater, list pulmonary function test results:

Test Date: _____
TLC _____ DLCO _____ FEV–1 _____ FVC _____ FEV–1/FVC __

| | |
|---|---|
| DATE | CLAIMANT OR CLAIMANT'S COUNSEL |

Attorney's Name
Address

Attorney ID No.

EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ASBESTOS PERSONAL INJURY INFORMATION SHEET**

Claimant's Name _____ .
Date of Birth ____/____/____.
Social Security No. ____–____–____.
Current Address _____

1.  I, _____, claimant or counsel for claimant herein, have read and am familiar with the provisions of this court's Order regarding the classification of different types of claims for asbestos-related personal injury for the purposes of placement of any individual claim on the active trial docket or on the Asbestos Deferred Registry.
2.  _____ (Claimant's name) has been diagnosed on _____ (date) by Dr. _____ as having:
(check appropriate box(es):
( )  a)  Malignant pleural mesothelioma.
( )  b)  Malignant peritoneal mesothelioma.
( )  c)  Malignant lung cancer.
( )  d)  Malignant gastrointestinal cancer.
( )  e)  Other malignancy (specify) _____ .
( )  f)  Parenchymal changes consistent with asbestosis.
( )  g)  Non-malignant pleural changes.
( )  h)  None of the above.

3.  If boxes 2(a), (b), (c), (d) or (e) are checked, have you received from a qualified expert an opinion that the cancer is causally connected to asbestos exposure?    YES ( )   NO ( ).
If "Yes," identify the qualified expert _____, and the Clerk will accept the filing of a complaint.
If "No," you must obtain such a report before proceeding with the prosecution of a claim. Once the complaint is filed, you must place summons for service on all defendants named.
4.  If you have checked box 2(f) [and not boxes 2(a), (b), (c), (d), or (e), please state:
    a)  Your or your client's most recent chest x-ray was taken on ___/___/___/ and revealed:
        i)  Pleural plaques?    YES ( )    NO ( )
        ii)  Pleural thickening?    YES ( )    NO ( )
        iii)  Parenchymal changes consistent with pneumoconiosis?    YES ( )   NO ( ).
        With a profusion level on the ILO scale ___/___.
    b)  If you answered yes to (iii) and the ILO rating is 1/0 or greater, list your or your client's most recent pulmonary function test results in the following categories: TLC ____; DLO ____; FEV–1 ____; FEV–/1/FVC Ratio _____. Date of Testing:
        ___/___/___.   Please complete No. 5.
5.  If you have checked boxes 2(f), (g) or (h), respond to the following: Based on my review of this Court's Order and the current evidence of impairment of myself or my client, I certify that this claim meets the criteria for:

( ) a) Filing as an active case, and I am filing such case.
( ) b) Filing on the Asbestos Deferred Registry.
( ) c) None of the above.

Dated _____

_____
CLAIMANT OR CLAIMANT'S COUNSEL

Attorney's Name
Address

Attorney ID No.

EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ASBESTOS DEFERRED REGISTRY**

| IN RE: | ) | Case No. _____ |
| | ) | |
| ASBESTOS DEFERRED REGISTRY | ) | Registry No. _____ |

**Claimant Registry Form—New Claim**

1. Registrant's Name: _____
2. Registrant's Date of Birth: _____
3. Registrant's Social Security Number: _____
4. Registrant's Current Address: _____
5. Registrant's Statement of Exposure: I believe that I was occupationally exposed to asbestos-containing materials during the years _____ to _____ in the course of my employment as a _____ during which years I worked as a

_____
(trade or occupation)

member of Local # _____ of the_____.
(Union)

Names of each company that would be sued as a defendant if the case was placed on the active docket: _____

_____

_____

6. Registrant's Statement of Injury: On _____, 198___, I was informed by Dr. _____ that I have the following medical evidence of non-malignant, physical changes due to asbestos exposure. Chest x-ray dated ___/___/___ revealed:

   a. Pleural plaques      YES ( )      NO ( )
      Pleural thickening   YES ( )      NO ( )
   b. Parenchymal abnormalities   YES ( )      NO ( )
      Profusion rating _____/_____
   c. If profusion 1/0 or greater, list pulmonary function test results: Test Date: ___/___
      TLC _____ DLCO _____ FEV-1 _____ FVC _____ FEV-1/FVC ___

_____     _____
        DATE                CLAIMANT OR CLAIMANT'S COUNSEL

Attorney's Name
Address

Attorney ID No.